GLENN O'CONNOR, B-71820
Name and Prisoner/Booking Number
CALIF. HEALTH CARE FACILITY
Place of Confinement
PO BOX 32200
Mailing Address
STOCKTON, CA. 95213
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

> **FILED**
>
> **Dec 15, 2020**
>
> CLERK, U.S. DISTRICT COURT
> EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN O'CONNOR                  )
(Full Name of Plaintiff)        )
                    Plaintiff,  )
                                )
        v.                      )   CASE NO. ___2:20-cv-2479-CKD (PC)___
                                )            (To be supplied by the Clerk)
(1) CDCR                        )
(Full Name of Defendant)        )
(2) ALEX FARHAT                 )
                                )   **CIVIL RIGHTS COMPLAINT**
(3)                             )   **BY A PRISONER**
                                )
(4)                             )
                    Defendant(s).)  ☑Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.
                                )   ☐First Amended Complaint
                                )   ☐Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____

2. Institution/city where violation occurred: CHCF, STOCKTON, CA.

Revised 3/15/2016                    1

## B. DEFENDANTS

1. Name of first Defendant: _CDCR_ . The first Defendant is employed as:
   _IS A STATE AGENCY_ at _____
   (Position and Title)                    (Institution)

2. Name of second Defendant: _ALEX FARHAT_ . The second Defendant is employed as:
   _Physician & Surgeon_ at _CHCF_
   (Position and Title)                    (Institution)

3. Name of third Defendant: _____ . The third Defendant is employed as:
   _____ at _____
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: _____ . The fourth Defendant is employed as:
   _____ at _____
   (Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☒ Yes      ☐ No

2. If yes, how many lawsuits have you filed? _6_ . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _GLENN O'CONNOR_ v. _VARIOUS CDCR STAFF NAMES NOW UNKNOWN_
      2. Court and case number: _Unknown; CASE WAS FILED SOME 34 years Ago._
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _dismissed for lack of prosecution_

   b. Second prior lawsuit:
      1. Parties: _GLENN O'CONNOR_ v. _W. PEREZ, et al_
      2. Court and case number: _US DIST. EASTERN DISTRICT, # 2:18-CV-01057 DB_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _PENDING_

   c. Third prior lawsuit:
      1. Parties: _GLENN O'CONNOR_ v. _CDCR_
      2. Court and case number: _US DIST, EASTERN DIST, # 2:19-CV-658 KJM KJN_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _PENDING_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

Prior Lawsuits, continued

d) GLENN O'CONNOR V. PADGETT

     US DISTRICT COURT, EASTERN DIST. OF CALIF.

     Case No. 2:19-cv-01926 DMC

     STATUS : PENDING

e) GLENN O'CONNOR V. KABIR MATHARU, et al

     US DISTRICT COURT, EASTERN DISTRICT OF CALIF.

     Case No. 2:19-cv-2368 DMC

     STATUS : PENDING

f) GLENN O'CONNOR V. J. HOOKS, et al

     US DISTRICT COURT, EASTERN DISTRICT OF CALIF.

     Case No. 2:20-cv-135 CKD

     STATUS : PENDING

G) GLENN O'CONNOR V. CDCR

     US DIST. COURT, EAST. DIST. CALIF.

     Case No. 2:19-cv-1867 WBS EFB

     STATUS: VOLUNTARILY WITHDRAWN

(2a)

Complaint

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: *Eighth Amendment to the US Constitution*

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☒ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each** Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *Please See CLAIM 1*

   *PLAINTIFF'S EYE DISEASE MAKES HIM PRINT LARGE — SO EVEN IF THE PAGE NUMBERS ARE HIGH, THEY CONTAIN LESS TEXT THAN MACHINE PREPARED DOCUMENTS.*

   *PLAINTIFF SUFFERS FROM PERIPHERIAL NEUROPATHY WHICH MAKES IT VERY DIFFICULT TO HOLD A PEN OR TO PRINT LEGIBLY.*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   *PLEASE SEE CLAIM 1*

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: *8th Amendment Violations for all other claims*

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☑ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *Plaintiff suffers from eye disease (myopia) and finds it painful to try to write in these lines.*

   *All claims are written on the attached pages.*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: *8th Amendment to US Constitution*

2. **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *please see previous page*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_In each claim except claim I (injunctive relief prospective after screening) monetary sums are mentioned._

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/11/20___
DATE

_Alan O'Cano_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

OVERVIEW

Plaintiff is a convicted felon serving a sentence in the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff is currently housed at the California Health Care Facility, located in Stockton, CA. (CHCF)

Plaintiff is a senior prisoner who suffers from a variety of medical conditions for which he has received treatments And protective services for many years, at many prisons.

Plaintiff suffers from sleep apnea, a potentially deadly condition if left untreated. The computerized Sleep Study conducted in 2014 evidenced plaintiff stopped breathing some 9 times per hour of sleep, and plaintiff was prescribed a Continuous Pressure Airway Device (CPAP machine) to save his life.

(7)

Complaint

1   Plaintiff suffers from Asthma / chronic
2   obstructive pulmonary disease overlap syndrome,
3   a potentially deadly combination of diseases
4   which have made plaintiff a high-risk
5   respiratory patient, and made him be
6   declared to be totally disabled by doctors at
7   several other prisons. Prisoners declared to be
8   totally disabled are not made to work.
9
10
11  To protect plaintiff from harm in the
12  often filthy, dangerous, unsanitary prisons
13  in California, plaintiff's doctors have historically
14  initiated or maintained a Laundry-list of
15  environmental and/or work restrictions on
16  plaintiff, such as:
17
18    Must not be exposed to pepper spray
19    must not be exposed to chemicals, fumes from
20       chemicals
21    Must not be exposed to dust or dusty environments.
22    Must not be housed in a dorm (Single-cell status)

(8)

Complaint

Must have continuous electrical power for his
   CPAP machine.

Must be housed in a facility not high-risk
   for Valley Fever.


There are many more but for brevity, plaintiff
will list only these. At every prison, the
medical staff have initiated various restrictions
and they, along with the Totally Disabled Status
have acted to help protect plaintiff.

Plaintiff was diagnosed as hypersensitive to
chemicals in about 2016. Plaintiff's medical
chronos at every prison have specified plaintiff
must avoid chemicals, pepper spray, fumes And
even cold or hot temperatures.

Plaintiffs' doctors have not yet been able
to diagnose some of the serious symptoms
plaintiff suffers from; plaintiff has seen
several specialists over the years And even

(9)

Complaint

now has been awaiting seeing an allergist for all, or most of 2020. The covid crisis has cancelled visits, even for medical care.

Plaintiff arrived at CHCF "for single-cell housing" (intake chrono) and has been single-celled through 2020.

Since arriving at CHCF, plaintiff has required medically specialized housing (OHU) which provides higher levels of care than plaintiff received elsewhere.

Plaintiff currently resides in a special 1-man cell with air handling capabilities to reduce any spread of infection in the respiratory system. Plaintiff remains on 24-hour a day medical lockdown status.

(10)

Complaint

Plaintiff is housed in C2A housing unit, where all the prisoners are single-celled due to their medical, or mental health, condition.

Dr. Alex Farhat is the Assigned Primary Care Physician (PCP) for all patient/prisoners housed in C2A. C2A is deemed to be "OHU", or an Outpatient Housing Unit (medical) as opposed to general population housing units.

Dissatisfied with what he perceived as poor medical care from Dr. Farhat, plaintiff filed several Inmate Grievances Against him, And the issues surrounding his medical care.

In retaliation, Dr. Farhat Suddenly And Secretly changed plaintiff's status from totally disabled to "Light duty."

(11)

Complaint

Plaintiff complained to Dr. Farhat that it appeared that all of the previously issued and maintained environmental and work restrictions had been removed from plaintiff's status and files. Dr. Farhat refused to discuss the topic and left the interview. Plaintiff received a dangerous job assignment.

Plaintiff filed a new ~~Inmate~~ Grievance against Dr. Farhat for the above.

Dr. Farhat suddenly and secretly removed plaintiff's single-cell status with no explanation. Dorm living has ~~demonstrate~~ proven to be harmful to plaintiff.

Plaintiff therefore files the following claims:

(12)

CLAIM I

Plaintiff sues the CDCR as it is the proper respondent for the injunctive relief plaintiff intends to seek after screening by the court.

(13)

CLAIM II

Plaintiff sues defendant Alex Farhat in his individual capacity for violating plaintiffs' rights to decent and adequate medical care under the Eighth Amendment to the United States Constitution.

Defendant Farhat refused to order plaintiff be permitted to have a backup CPAP mask for use with his CPAP machine even though plaintiff had previously gone over 3 weeks without a mask when his mask broke during use.

During that 3 week period of time plaintiff suffered untreated sleep apnea symptoms which could have resulted in his death.

Plaintiff's request for a back up CPAP mask was reasonable and a person in a similar circumstance to defendant Farhat would have made the medical order so as to protect plaintiff's health and life.

(14)

Complaint

Defendant Farhat's inaction in the face of risk presented to him constituted Abandoning plaintiff, providing no medical care at all, And failing to protect plaintiff from a known and obvious risk.

For the deliberate indifference to A prisoner's serious medical needs, plaintiff seeks $ 500,000.⁰⁰ in compensatory damages.

(15)

Complaint

CLAIM III ~~Premises~~

Plaintiff sues defendant Alex Farhat in his individual capacity for violating plaintiff's rights to decent and adequate medical care under the Eighth Amendment to the United States Constitution.

Plaintiff complained that the prison did not replace the disposable filters for plaintiff's prescribed CPAP machine in accordance with the manufacturer's instructions. The maker stated the filters must be replaced every 30 days. The prison would only replace one every 180 days.

Plaintiff informed defendant Farhat that the disposable filter became clogged and dark in color from absorbtion of dust, mites, and other particulants. Defendant Farhat denied plaintiff's request.

(16)

CLAIM III continued

Plaintiff suffers from multiple serious lung diseases as well as sleep apnea, And defendant Farhat was aware of this, as well as the facts that the CPAP machine pumped air into plaintiff's lungs continuously during use, and that the machine utilized filters which had to be changed regularly or harm to the patient could result. Plaintiff coughs hundreds of times daily.

Defendant Farhat's inaction in the face of an obvious threat to plaintiff's health constituted ~~abandoning~~ Abandoning plaintiff, providing no medical care at all, and failing to protect plaintiff from a known and obvious risk.

For deliberate indifference to a prisoner's serious health needs, plaintiff seeks $10,000.00 in compensatory damages.

(17)

Complaint

CLAIM IV

Plaintiff sues Alex Farhat in his individual capacity for violating plaintiff's rights under the Eighth Amendment to the United States Constitution.

defendant Farhat, without medical justification, secretly changed plaintiff's status from totally disabled to Light Duty, resulting in plaintiff being assigned to a Building Porter [JANITOR] job which hurts him: porters are expected to clean dust and use chemicals which are violative of plaintiff's long-standing medical orders. Plaintiff faces disciplinary charges for refusing to work in the harmful environmental conditions.

Plaintiff seeks $500,000.00 in compensatory damages.

(18)

Complaint

CLAIM V

Plaintiff sues defendant Farhat for violating his rights under the Eighth Amendment to the United States Constitution.

Defendant Farhat secretly and without medical justification removed plaintiffs single-cell status even though plaintiff continues to suffer the exact same diseases and symptoms which caused plaintiff's placement on that status.

Defendant Farhat, in opposition to plaintiff's diagnosed hypersensitivity to chemicals and even with the knowledge that plaintiff's pending visit with a specialist has been repeatedly cancelled due to the covid-crisis, exposes plaintiff to the known and obvious risk of being housed (again) in dorms, which is where he was housed when diagnosed.

(19)

Complaint

During a medical visit plaintiff reminded defendant Farhat that in all dorms the prisoners possess and use chemicals including bleach, that employee-cleaners clean all the dorms with chemicals which are harmful to plaintiff, and that the dust from the other prisoner's unwashed blankets hurt plaintiff, as did their use of talcum or baby powder, which plaintiff also had a medical warning not to be exposed to.

Defendant Farhat refused to reinstate plaintiff's single-cell status, abandoning him, leaving him in a zone of danger medically.

Plaintiff seeks $500,000.⁰⁰ in compensatory damages.

(20)

Complaint

CLAIM VI

Plaintiff sues defendant Farhat in his individual capacity for violating plaintiff's rights under the Eighth Amendment to the United States Constitution.

On a totality of circumstances theory, plaintiff alleges defendant Farhat violated his Eighth Amendment rights when he refused to provide decent and adequate medical care to plaintiff as outlined in CLAIMS II - IV herein.

A) Defendant Farhat cruelly denied plaintiff's request that he be permitted to have a "back up" CPAP mask, since there is a history of the cheap, plastic masks the CDCR purchases, breaking during normal use. When a CPAP mask breaks, plaintiff would be deprived of the only treatment he receives for sleep apnea, a deadly disease if left untreated. Due to the last breakage, plaintiff had no sleep apnea treatment for 3 weeks.

(21)

Complaint

B) Defendant FARHAT cruelly denied plaintiff's pleas that the disposable filter used by his CPAP machine be replaced in accordance with the User Manual provided to plaintiff by the medical staff.

Whereas the User Manual specifies the filter must be changed after 30 nights use, the prison only replaces it after 180 nights use; the filter is clogged with dust and mites (microscopic Animals), dirt and other particulate matter. (Plaintiff has studied sciences).

The danger to plaintiff is that while he is unconscious the CPAP machine pumps air from the prison's atmosphere directly into plaintiff's lungs. Plaintiff suffers from multiple lung diseases, each could become deadly. Plaintiff must get on

(22)

Complaint

the floor of his cell, on his hands and knees, and cough up copious Amount of mucous, mucous plugs, and phlegm already due to the severe emphysema (COPD) he suffers. Plaintiff requires powerful, even dangerous medications, has suffered 2 lung operations to help him breath. For defendant Farhat to abandon plaintiff to breathing in dirty, infested air every night is shocking.

C.) Defendant Farhat, despite knowledge that plaintiff was sent to CHCF for a higher level of care due to the severity of his diseases, secretly and medically unjustifiedly changed plaintiff's work status from totally disabled to light duty.

(23)

Defendant Farhat Knew that this change in status would cause plaintiff to be assigned to a job at a time when reporting to any job was beyond plaintiffs' abilities and would be dangerous to his health.

Plaintiff informed defendant FARHAT that he had subsequently been assigned to a job as a Building Porter and that he was required to sweep dust, collect dust, dump trash cans and clean with chemicals in violation of his existing medical orders. Defendant Farhat cruelly refused to have plaintiff removed from the job which hurt him or to return him to totally disabled status which would protect him from harm.

D) Defendant Farhat secretly and with no valid medical justification removed plaintiffs'

(24)

Complaint

Single-cell status even though plaintiff still suffered from the debilitating medical conditions which caused him to be placed on that status to protect his health. Plaintiff has existing medical orders to avoid dust, chemicals and talcum/baby powder. Upon being moved to a dorm plaintiff will immediately be subjected to dust, chemicals and powders.

Plaintiff pleaded with the defendant that the other prisoners are permitted to use chemicals, detergents, baby powder. The other prisoners do not turn their dusty blankets in for laundering and they produce a cloud of dust with every movement of the prisoners.

Plaintiff pleaded with the defendant that the specialists he has seen (even recently) recommeded he be single-celled.

(25)

Complaint

Plaintiff even complained to defendant that other prisoners messed with, tampered with, or threatened to sabotage plaintiff's CPAP machine. Plaintiff requires usage of the CPAP every night, or, as the medical reports by other staff prove by computer printout, plaintiff is "100% compliant" with treatment. Defendant cruelly refused to reinstate the plaintiff's single-cell status, leaving him in fear of any moment being moved to a dorm which is routinely cleaned by state employees with the chemicals plaintiff knows by history hurt him.

E) Defendant Farhat consistently makes decisions which are contrary to the decisions of plaintiff's doctors at the other prisons, and even doctors here at CHCF, harming plaintiff's health.

(26)

Complaint

F) Since plaintiff began filing grievances against defendant FARHAT, the defendant mysteriously failed to see plaintiff for his monthly appointments. Doctors plaintiff had never been seen by and were unfamiliar with his case showed up — only on that one day — to see plaintiff. Plaintiff received no care whatsoever from those stand-in doctors.

G) Plaintiff's care has seriously faltered since being assigned to defendant FARHAT. Plaintiff developed yet another bout of phnemonia under defendant FARHAT's poor care. Plaintiff is now confined inside a special medical cell with special air handling abilities so other prisoners are protected from plaintiffs' poor health.

Plaintiff seeks 1,000,000.⁰⁰ in compensatory damages from defendant FARHAT.

(27)

Complaint

EXHAUSTION OF ADMINISTRATIVE REMEDIES

In accordance with the California Code of
Regulations, Title 15, Division 3, Article 5,
plaintiff filed Inmate Health Care Grievances AS to
each CLAIM herein. EAch grievance was denied
at the highest level of review:

#CHCF HC 19002,874, denied April 10, 2020.

#CHCF HC 2000555, denied July 1, 2020.

#CHCF HC 2000725, denied July 9, 2020.

#CHCF HC 2000175, denied September 22, 2020

#CHCF HC 20001456, (1456) denied NovEmber 19, 2020.

        Defendants may access these grievances
by reviewing plaintiff's electronically - stored
prison file.

(28)

Complaint